Filed 2/20/15  P. v. McCoy CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE, | C074811 |
| Plaintiff and Respondent, | (Super. Ct. No. 09F07723) |
| v. | |
| JOE LYNN McCOY, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

This appeal comes to us following our order remanding the matter for resentencing and correction of the abstract of judgment in *People v. McCoy* (2013) 215 Cal.App.4th

1

1510, 1541 (*McCoy I*). The following factual and procedural summary is taken, in part, from our opinion in *McCoy I*.

"Defendant Joe Lynn McCoy physically and sexually assaulted his girlfriend, Cindy H., fracturing her spine during the attack and rendering her a quadriplegic. Because Cindy H.'s medical condition provided reasonable grounds to fear she would be unable to testify at trial, she was examined conditionally during the preliminary hearing via two-way video. At trial, as anticipated, the video of this examination was played for the jury because Cindy H. was unable to testify. Defendant was convicted of torture (count 2), inflicting corporal injury on a cohabitant (count 3), and unlawful sexual penetration with a foreign object (count 4). With respect to count 3, the jury found defendant personally inflicted great bodily injury causing paralysis. With respect to count 4, the jury found defendant personally inflicted torture.[1] The trial court sentenced defendant to state prison for a term of 25 years to life and imposed other orders." (*McCoy I*, *supra*, 215 Cal.App.4th at p. 1514.)

Defendant appealed, asserting various claims, including an error in the abstract of judgment. The Attorney General conceded the error in the abstract, and also pointed out that the trial court neglected to impose sentence on counts 2 and 3 before staying their execution pursuant to Penal Code section 654, resulting in an unauthorized absence of sentence. (*McCoy I*, *supra*, 215 Cal.App.4th at pp. 1514-1515.) We affirmed defendant's convictions, but agreed sentence should have been imposed on counts 2 and 3, and remanded the matter to the trial court for that limited purpose. We further instructed the trial court to amend the abstract of judgment to reflect the sentences

---

**1** "The jury was unable to reach a verdict on count 1, which charged defendant with attempted murder. Nor could the jury reach a verdict on a one-strike great bodily injury allegation attached to count 4."

imposed on counts 2 and 3, and to further reflect the sentence imposed pursuant to Penal Code section 667.61, subdivision (d)(3), was not stayed. (*Id.* at pp. 1515, 1541-1542.)

On September 13, 2013, the trial court resentenced defendant, imposing an indeterminate term of seven years to life for count 2, plus a determinate term of four years (the upper term) for count 3, and staying both terms pursuant to section 654. The court also noted for the record that the sentence imposed pursuant to Penal Code section 667.61, subdivision (d)(3), was not stayed.

On June 11, 2014, the trial court issued an order correcting the sentence by awarding defendant 558 days of presentence custody credit, plus 952 days of credit for time served from February 5, 2011 (the date sentence was originally pronounced), to September 13, 2013 (the date of resentencing), pursuant to *People v. Buckhalter* (2001) 26 Cal.4th 20 and Penal Code section 2900.1. The abstract was amended accordingly.

Defendant filed a timely notice of appeal.

### *Wende* Review

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

**DISPOSITION**

The judgment is affirmed.


      MURRAY      , J.


We concur:


      MAURO      , Acting P. J.


      HOCH      , J.